**Jewel HARRISON, Petitioner–Appellant,**

v.

**Bill LOCKYER, Attorney General, Respondent–Appellee.**

**No. 00–16994.**

United States Court of Appeals, Ninth Circuit.

Argued Feb. 11, 2002.

Submission Deferred Feb. 15, 2002.

Submitted Jan. 21, 2003.

Filed Jan. 21, 2003.

**1064**

John J. Jordan, Esq., for Petitioner–Appellant.

Laurence K. Sullivan, Deputy Attorney General; Sharon R. Wooden, Deputy Attorney General, for Respondent–Appellee.

Before D.W. NELSON, NOONAN and HAWKINS, Circuit Judges.

## OPINION

NOONAN, Circuit Judge.

Jewel Harrison appeals the district court's denial of his petition for habeas corpus. Holding that the California treat-

ment of a defendant's request to review a peace officer's file does not deny a defendant due process as interpreted by precedents of the United States Supreme Court, we affirm the judgment of the district court.

## FACTS

Officer Gary Foppiano of the Oakland Police Department was assigned to a street prostitution undercover operation on September 24, 1996. He sat in an unmarked car monitoring Officer Beverly Flemmings, a female police officer dressed as a prostitute, and positioned himself to signal a nearby arrest every time a man solicited Flemmings.

At approximately 10:00 p.m., a man speaking in "broken Spanish" approached Foppiano. Then another man pushed the first aside, thrust a gun in Foppiano's window and told him that this was "a jacking." Flemmings had by this time noticed the men talking to Foppiano.

The man who declared that "a jacking" was taking place told Foppiano that if he did not hand over his wallet, he would be shot. Foppiano grabbed his wallet with his left hand and then shot the man with a gun in his right hand "two or three times."

The man fell to the ground and then Foppiano heard gunshots several seconds later. He ducked down in his car as glass broke around him and could not ascertain the identity of the shooter.

Foppiano then exited the car, and after noticing the man who spoke in broken Spanish positioned behind the car, fired one shot in his direction. The man fled through the parking lot. Flemmings stated that she saw the other man (a "darker man") approach Foppiano's car again and it appeared to her that he was shooting into the car. She heard gunshots, witnessed the "darker" man flee into a build-

ing and then saw him running again. She shot twice at the man. Foppiano heard these two shots and believing the man had fired either at him or at another officer, fired two shots in the direction of the fleeing man. The man fell to the ground and police later identified him as Harrison.

Foppiano kicked the gun out of Harrison's hand as he lay on the ground and handcuffed him. He later identified Harrison in court as the man who tried to rob him and the man he shot.

## PROCEEDINGS BELOW

Harrison was charged in Alameda County Superior Court with attempted armed robbery, possession of a firearm by a felon, assault with a firearm, and discharging a firearm at an occupied motor vehicle. Prior to trial, Harrison moved under the Federal and California Due Process Clauses for discovery of Oakland Police Department records for impeachment information regarding the arresting officer, including records of complaints involving events occurring more than five years before the incident at issue (beyond the five-year cut-off provided by California Evidence Code sections 1043 and 1045). Harrison sought access to all the documents in Officer Foppiano's personnel file. The district court denied the motion for discovery of records beyond the five-year cut-off.

The jury returned a verdict of guilty on the following counts: attempted robbery, firearm possession, and assault. On November 12, 1997, the court sentenced Harrison to a term of imprisonment of seventeen years to life.

Harrison appealed, raising, among other grounds, a claim of violation of due process caused by the five-year cut-off. The California Court of Appeals affirmed Harrison's conviction in all respects. On February 17, 1999, Harrison filed a petition for review with the California Supreme Court, which denied the petition. Harrison then filed a petition for a writ of habeas corpus with the District Court of the Northern District of California on September 16, 1999. His petition alleged two claims: (1) California's five-year discovery cut-off of impeachment material violated Harrison's due process rights; and (2) the government improperly used peremptory challenges. The district court denied both of Harrison's claims. He appeals only the first.

## STANDARD OF REVIEW

This court reviews de novo the denial of a petition for a writ of habeas corpus. *Bowen v. Hood,* 202 F.3d 1211, 1218 (9th Cir.2000).

A district court's ruling on a challenge to the constitutionality of a state statute is reviewed de novo. *NCAA v. Miller,* 10 F.3d 633, 637 (9th Cir.1993).

Harrison's federal habeas petition, filed on September 16, 1999, is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, this court may grant a writ of habeas corpus only if: (1) the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).

## ANALYSIS

We postponed decision of this case until the Supreme Court of California had decided an analogous challenge to the five-year cut-off pertaining to evidence from the police files. That court has held that despite the statutory cut-off, citizen complaints against officers are subject to disclosure if they are "exculpatory" and that

a California trial court should order such disclosure after the court has reviewed the file in chambers. *City of Los Angeles v. Superior Court*, 29 Cal.4th 1, 124 Cal. Rptr.2d 202, 52 P.3d 129, 137 (Cal.2002). This judicial review, however, is contingent on the defendant making a preliminary showing that the file contains information material to his defense. *Id.* at 138. The California Supreme Court observed that this procedure complied with *Brady v. Maryland*, 373 U.S. 83, 87–88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as modified by *Pennsylvania v. Ritchie*, 480 U.S. 39, 58, n. 15, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (defendant must establish "a basis for his claim that the file contains material evidence"). *City of Los Angeles v. Superior Court*, 124 Cal.Rptr.2d 202, 52 P.3d at 138–39.

We are not instructed on how a defendant in a criminal case will know, or be able to make, a preliminary showing that a police personnel file contains evidence material to his defense. But we are clear that the California Supreme Court has faithfully followed the United States Supreme Court. In our case Harrison made no showing that Officer Foppiano's file contained complaints material to his defense. Therefore, Harrison was not denied due process when he was denied access to material more than five years old.

AFFIRMED.